IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EFFORT ALEXANDER**                                                        **PLAINTIFF**

**V.**                         **NO. 3:15-CV-179-DMB-JMV**

**DESOTO COUNTY SOIL AND
WATER CONSERVATION DISTRICT;
DESOTO COUNTY, MISSISSIPPI;
CITY OF HORN LAKE, MISSISSIPPI; and
STATE OF MISSISSIPPI**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion to dismiss of the State of Mississippi. Doc. #11. For the reasons below, the motion will be granted.

## I
## Procedural History

On October 22, 2015, Effort Alexander filed a pro se complaint against DeSoto County Soil and Water Conservation District; DeSoto County, Mississippi; City of Horn Lake, Mississippi; and the State of Mississippi ("State"). Doc. #1. The complaint sought relief "for violation of the United States Constitution Fourteenth Amendment, § 1" based on allegations related to the presence of a dam on property owned by Alexander. *Id*.

Eight days later, on October 30, 2015, Alexander, "pursuant to 42 U.S.C. § 1983," filed an amended complaint as of right against the same defendants. Doc. #6. Of relevance here, the amended complaint asserts three claims against the State: (1) a violation of Alexander's Fourteenth Amendment right to "peaceful enjoyment of his property," (2) a violation of Alexander's Fourteenth Amendment rights to due process; and (3) a violation of Alexander's Fourteenth Amendment right to equal protection. *Id*. Based on these claims, Alexander seeks

the following relief against the State: (1) a declaratory judgment that the State violated Alexander's Fourteenth Amendment rights; (2) an order permanently enjoining the State from violating Alexander's rights; (3) "an order requiring [the State] to promulgate and effectuate policies that protect the constitutional rights of the Plaintiff;" (4) an order "against [the State] for $2,000,000 for violation of civil rights of plaintiff;" and (5) an order directing the State to pay "for all fees and expenses ... expended by the plaintiff and/or in his behalf to litigate this complaint ...." *Id*. at 29–31.

On December 3, 2015, the State filed a motion to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim. Doc. #11. Alexander responded in opposition to the motion on December 17, 2015, Doc. #23; and the State timely replied, Doc. #24. On December 29, 2015, Alexander filed a "reply"[1] to the State's reply. Doc. #28.

## II
## Relevant Standards

The State's motion seeks dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *See* Doc. #12.

### A. 12(b)(1) Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). "In evaluating subject matter jurisdiction on a motion to dismiss a court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's

---

[1] Alexander titled this document, "Plaintiff's Reply to Defendant State of Mississippi's Reply in Support of its Motion to Dismiss." Doc. #28. The State has not objected to Alexander's filing of the document. The Court will, therefore, consider it in deciding the motion now before the Court.

2

resolution of disputed facts." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (internal quotation marks omitted).

Where, as here, a lack of jurisdiction is premised on the complaint alone, "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. 12(b)(6) Standard

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and punctuation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007)). Under this standard, a court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016).

### III
### Analysis

The State argues that Alexander's claims must fail because claims against the State are barred by Eleventh Amendment immunity and because § 1983 does not permit suits against states.

Normally, where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). However,

the United States Supreme Court has "routinely addressed *before* the question whether the Eleventh Amendment forbids a particular statutory cause of action to be asserted against States, the question whether the statute itself *permits* the cause of action it creates to be asserted against States (which it can do only by clearly expressing such an intent)." *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779 (2000) (emphases in original). Accordingly, the Court will first consider the State's argument brought under Rule 12(b)(6) that § 1983 does not permit suits against states.

### A. § 1983 Suits Against States

The State argues that it cannot be subject to liability under § 1983 because a State is not a "person" within the meaning of the statute. Alexander responds that the State's status as a "person" within the meaning of the statute "is not applicable to this case."[2]

42 U.S.C. § 1983[3] authorizes suits for damages against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ...." "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."[4] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

---

[2] In his "reply," Alexander quotes *Monell v. Department of Social Services*, 436 U.S. 658, 701 (1978), as stating that "[t]he current state of the law is that a state may not be sued for damages, but may be sued for declaratory or injunctive relief." This quoted statement does not appear in *Monell*, but rather in various pro se briefs filed around the country.

[3] Section 1983 is the "proper vehicle' for claims based on the Fourteenth Amendment. *Burnes-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994).

[4] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

(1989). To the extent Alexander's § 1983 claims have been brought against the State itself, the statute does not permit such claims, and dismissal must result.

### B. Jurisdiction

The Eleventh Amendment to the United States Constitution "grants a State immunity from suit in federal court by citizens of other States and by its own citizens as well." *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Id*. "There are three possible exceptions to Eleventh Amendment immunity: (i) valid abrogation by Congress; (ii) waiver or consent to suit by the state; or (iii) the state's amenability to suit under the *Ex parte Young* doctrine." *Yul Chu v. Miss. State Univ.*, 901 F.Supp.2d 761, 773 (N.D. Miss. 2012), *aff'd*, 592 F. App'x 260 (5th Cir. 2014).

The State argues that Alexander's claims are barred by the Eleventh Amendment and that none of the exceptions to sovereign immunity apply. Alexander responds that "[t]his case cannot be dismissed as barred against State [sic] because it falls under the exception to the Eleventh Amendment Immunity of Ex parte Young."

"To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law *must be brought against individual persons in their official capacities as agents of the state*, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (emphasis added). Accordingly, the *Ex Parte Young* doctrine does not apply to claims against a state itself. *See Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (suit against individual is an "essential ingredient[]" to *Ex Parte Young* exception). Therefore, *Ex Parte Young* does not

act as an exception to the State's sovereign immunity and the claims against the State must be dismissed.[5]

## IV
## Conclusion

For these reasons, the State's motion to dismiss [11] is **GRANTED**. The State is **DISMISSED** from this action.

**SO ORDERED**, this 26th day of August, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[5] Although not raised by Alexander, the Court notes the other two exceptions to sovereign immunity – abrogation and waiver – are not applicable to Alexander's claims against the State. First, § 1983, the vehicle through which Alexander brings his claims, "does not abrogate Eleventh Amendment immunity." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Furthermore, Mississippi has not waived its immunity to § 1983 suit in federal courts. *Meredith v. Jackson State Univ.*, No. 3:09-cv-303, 2010 WL 606402, at *2–3 (S.D. Miss. Feb. 17, 2010).