IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EFFORT ALEXANDER                                                              PLAINTIFF

V.                                                           NO. 3:15-CV-179-DMB-JMV

DESOTO COUNTY SOIL AND
WATER CONSERVATION DISTRICT;
DESOTO COUNTY, MISSISSIPPI;
CITY OF HORN LAKE, MISSISSIPPI; and
STATE OF MISSISSIPPI                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This § 1983 action is before the Court on the motion to dismiss of DeSoto County Soil and Water Conservation District. Doc. #13. For the reasons below, the motion will be granted.

### I
### Procedural History

#### A. First Action

On July 2, 2014, Effort Alexander filed a complaint in the United States District Court for the Northern District of Mississippi against "DeSoto County Soil and Water Conservation District Commissioners." *Alexander v. DeSoto Cty. Soil and Water Conservation Dist. Comm'rs*, No. 3:14-cv-147-MPM-SAA (N.D. Miss. July 2, 2014) ("*Alexander I*"), at Doc. #1. One day later, Alexander filed an amended complaint as of right against DeSoto County Soil and Water Conservation District ("District"). *Id.* at Doc. #4.

In his amended complaint, Alexander alleged that in 1994, his brother quitclaimed to him certain property in Horn Lake ("Property"), which included "common areas with the Twin Lakes Subdivision," and that in 1956, the District obtained an easement on the Property. *Id*. at Doc. #4,

at 1. The amended complaint alleged that the easement "secured rights" for the United States Department of Agriculture for a "water retardation project"

> to exist on the plaintiff's Horn Lake property as compliance [sic] with the follow: [sic] being a storm water retardation project as constructed, operated, and maintained to service its specified mission/purpose and being in full compliance with its engineering construction design, specified operation and maintenance plan and its service life.

*Id.* at Doc. #4, at 1–2. The amended complaint further alleged:

> A quitclaim deed was filed on June 27, 1990 between the Defendant and the Twin lakes Subdivision Property Owners Association of Walls, Mississippi, Inc., Grantee. The deed purported to convey all rights held by Grantor in the subject property. The Plaintiff, in his complaint filed in the Chancery County, Mississippi [sic] on 29 May 2007, ... argued the Defendant had no rights in the Plaintiff property [sic] to convey, therefore such conveyance is ineffective. The court ruled in agreement with the plaintiff.
>
> Defendant had, through failing to comply with the Project Easement and with the Plaintiff's request to remove the ... Project and restore his ... Property to Pre-project state/conditions, severely damage [sic] the Plaintiffs [sic] ....
>
> The Defendant, through failing to comply with its Project Easement Agreement, wrongfully and unjustly damaged and restrained the Plaintiff from exercising his right to lawful and peaceful possession of his property ....
>
> The Defendant, through failing to comply with its Project Easement Agreement, has wrongfully and unjustly caused and/or encouraged damaging effects toward the plaintiff's property interest that caused and/or reinforced the following:
>
> 1) Unsafe operation of the ... Project on the Plaintiff's Property
> 2) Devaluation/deflation of market value/worth of the plaintiff's property;
> 3) Deceptive and false claims to Twin Lake Subdivision homeowners that each homeowner has covenant rights to the plaintiff's property.
> 4) Has caused the Plaintiff to expend extensive time, energy, and moneys in addressing/defending himself against the City of Horn Lake's wrongful and unjust damaging actions.

*Id.* at Doc. #4, at 2–3 (paragraph numbering and citations omitted). Alexander sought one-million dollars in damages, plus fees and expenses, and a court order directing the District to remove the Project and then restore the Property to its original condition. *Id.* at Doc. #4, at 3.

2

The District answered the amended complaint on July 31, 2014, and moved for summary judgment on September 4, 2014. *Id.* at Doc. #9 and Doc. #11. In seeking summary judgment, the District argued that Alexander's claims were untimely and:

> The Defendant DeSoto District is not a proper party as the Defendant has no interest in the subject property. The Grantor of the easement agreed that he would maintain the dam which is the subject of this lawsuit. Furthermore, the Defendant conveyed any interest it had by virtue of a 1956 easement, when Defendant conveyed any interest it had in the property by virtue of a Quitclaim Deed to the Twin Lake Home Owner's Association in 1990.

*Id.* at Doc. #12, at 2 (internal citations omitted). Alexander responded that the maintenance agreement cited by the District did not refer to the Project and that a Mississippi Chancery Court had invalidated the 1990 quitclaim. *Id.* at Doc. #20.

On March 25, 2015, United States District Judge Michael P. Mills granted the District's motion for summary judgment on the ground that Alexander's claims were untimely under the applicable statute of limitations. *Id.* at Doc. #32. In reaching this conclusion, Judge Mills observed:

> In 1996 Alexander wrote a letter to the District requesting that they remove the water being held by the dam. The District advised Alexander that it had no interest in the property. Alexander followed up with another letter and threatened litigation. He did not actually file suit against the District until this action was filed in 2014.

*Id.* at Doc. #32, at 1. Accordingly, Judge Mills dismissed Alexander's claims with prejudice. *Id.* at Doc. #32, at 2. Alexander filed a notice of appeal on April 27, 2015. *Id.* at Doc. #37. On September 18, 2015, the Fifth Circuit affirmed Judge Mills' order in a one-word opinion. *Id.* at Doc. #40-1.[1]

---

[1] *Alexander v. DeSoto Cty. Soil and Water Conservation Dist.*, 616 F. App'x 156, 157 (5th Cir. 2015).

**B. Current Action**

On October 22, 2015, Alexander filed a pro se complaint in the United States District Court for the Northern District of Mississippi against DeSoto County Soil and Water Conservation District; DeSoto County, Mississippi; City of Horn Lake, Mississippi; and the State of Mississippi ("State"). Doc. #1. The complaint sought relief "for violation of the United States Constitution Fourteenth Amendment, § 1" based on based on allegations related to the presence of a dam on property owned by Alexander. *Id*.

Eight days later, on October 30, 2015, Alexander, "pursuant to 42 U.S.C. § 1983," filed an amended complaint as of right against the same defendants. Doc. #6. The amended complaint, which spans more than thirty pages and includes paragraphs with multiple factual allegations, is difficult to decipher. However, a careful reading of the amended complaint reveals that Alexander once again bases his claims against the District on allegations that the District violated the easement by abdicating responsibility for the Project. Specifically, Alexander alleges:

> Defendant, DCSWCD had, through failing to comply with the Project Easement and with the Plaintiffs request to remove the U.S. Ag Project and restore his horn Lake Property to Pre-project state/conditions, severely damaged the Plaintiff and deprived plaintiffs peaceful enjoyment of his property. These acts of DCSWCD have caused unsafe operation of the U.S. Ag Project on the Plaintiffs Property, devaluation/deflation of market value/worth of the plaintiffs property, deceptive and false claims to Twin Lake Subdivision homeowners that each homeowner has covenant rights to the plaintiffs property. It has caused the Plaintiff to expend extensive time, energy, and moneys in addressing/defending himself against the City of Horn Lake's wrongful and unjust damaging actions. All these acts of DCSWCD are without any due process of law and in violation of the constitutional rights of Plaintiff secured by Amendment XIV § 1.

Doc. #6 at 14 (internal citations omitted).

The amended complaint seeks damages against the District and an "order declaring that Defendant Desoto County Soil and Water Conservation District is liable party [sic] for the

maintenance and operation of the ... Project [and] direct[ing] Defendant, Desoto County Soil and Water Conservation District to remove the ... Project and all things pertaining to its existence and operation on the Plaintiffs property." *Id.* at 30.

On December 3, 2015, the District filed a "Motion to Dismiss and/or for Summary Judgment" along with numerous attached exhibits. Doc. #13. Alexander responded in opposition to the motion, Doc. #22; the District replied; Doc. #25; and Alexander filed a "reply"[2] to the District's reply, Doc. #29.

## II
## Proper Standard

The District characterizes its motion, which includes eighteen attachments as exhibits, as a "Motion to Dismiss and/or for Summary Judgment." Doc. #13; Doc. #13-1 to -18.

As a general matter, where a defendant has filed a 12(b)(6) motion and "submitted matters outside the pleadings without such evidence being excluded by the Court [within ten days]," the proper course is to treat the 12(b)(6) motion as a motion for summary judgment. *McNair v. Mississippi*, 43 F.Supp.3d 679, 682 (N.D. Miss. 2014) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990)). More than ten days have passed since the District submitted matters outside the pleadings without such evidence being excluded by this Court. Under these circumstances, the Court will treat the District's motion as a motion for summary judgment. *McNair*, 43 F.Supp.3d at 682 ("Here, more than ten days have passed since Defendants submitted matters outside the pleadings without such evidence being excluded by the Court. Under these circumstances, Defendants' motion should be treated as one for summary judgment.").

---

[2] Alexander titled this document, "Plaintiff's Reply to Defendant DeSoto County Soil and Water Conservation District's Rebuttal." Doc. #29. The District has not objected to Alexander's filing of the document. The Court will, therefore, consider it in deciding the motion now before the Court.

5

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 22–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Norwegian Bulk Transp. A/S,* 520 F.3d at 411–12 (internal quotation marks and citation omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id.* at 412.

"If … the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998) (citation omitted). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.* In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.,* 639 F.3d 186, 191–92 (5th Cir. 2011) (citation and internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

# III
# Analysis

The District argues in its motion that Alexander's claims should be dismissed because: (1) the claims are barred by res judicata; (2) the claims are untimely; (3) the claims are barred by judicial estoppel; (4) the District has no interest in the subject property; and (5) Alexander failed to properly serve the District.

## A. Res Judicata

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Four elements must be met for a claim to be barred by res judicata: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks omitted).[3] "Even where there is an identity of claims, the doctrine of res judicata does not bar the second action unless the plaintiff could or should have brought [the] claim in the former proceeding." *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 173 (5th Cir. 1992).

### 1. Identical Parties

It is undisputed that in *Alexander I*,[4] Alexander sued the District. Accordingly, the identity of parties requirement is met.

---

[3] The Fifth Circuit "has emphasized that the effect of a prior federal diversity judgment is controlled by federal rather than state res judicata rules." *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989).

[4] "A court may take judicial notice of its own records and those of inferior courts." *Secs. and Exch. Comm'n v. First Fin. Grp. of Tex.*, 645 F.2d 429, 433 n.6 (5th Cir. 1981).

### 2. Court of Competent Jurisdiction

There can be no serious dispute that the Northern District of Mississippi and the Fifth Circuit, the courts which issued decisions in *Alexander I*, had jurisdiction over the action. *See New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 146 (D.D.C. 2002) ("[T]his Court takes the view, 'by necessary implication,' that the Court of Appeals considered the sufficiency of its jurisdiction and determined sub silento that it possessed jurisdiction over Plaintiffs' claims.") (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (internal citations omitted). Therefore, the second element is satisfied.

### 3. Final Judgment on the Merits

As explained above, Judge Mills dismissed *Alexander I* with prejudice on statute of limitations grounds. The Fifth Circuit affirmed this decision. Alexander argues that *Alexander I* was "not disposed of on its merits but was dismissed on pleas filed ... in the[] answer and motion."

The Fifth Circuit has held that "a dismissal on statute of limitations grounds in federal court ... is a final adjudication on the merits, particularly where ... the federal district court ... dismissed the plaintiff's complaint with prejudice." *Dorsey Trailers*, 880 F.2d at 820. Accordingly, the dismissal in *Alexander I* was a final judgment on the merits.

### 4. Same Cause of Action

In determining whether two cases involve the same cause of action, the Fifth Circuit applies "the transactional test" derived from the Restatement (Second) of Judgments. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). Under the transactional test:

> a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically,

giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. The critical issue under the transactional test is whether the two actions are based on the same nucleus of operative facts. Thus, we must review the facts contained in each complaint to determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts.

*Id*. (internal citations, alterations, and quotation marks omitted).

The District argues, "The subject matter and/or substance of the lawsuit are the same for the two suits. Both suits allege that DeSoto District caused harm to Plaintiff Alexander by not removing the dam on his lake. Both cases allege damage to his property." Alexander responds that "[t]he claim raised in this case is violation of plaintiff's constitutional rights that was never claimed in prior suits."

Contrary to Alexander's assertion, the transactional test is not defeated by the raising of new claims. Rather, the Court must consider whether the facts in the two actions are part of the "same transaction or series of transactions, which arise from the same nucleus of operative facts." *Id*. Where, as here, a plaintiff has alleged wrongful continuing conduct, a court must ask whether "all of the claims in question originate from the same continuing course of allegedly [wrongful] conduct ...." *Dallas Area Rapid Transit*, 383 F.3d at 314; *see* 18 Fed. Prac. & Proc. Juris. § 4409 (2d ed.) ("[I]t may be appropriate to apply claim preclusion to conduct that the parties reasonably should expect to continue without change."); *Vela v. Enron Oil & Gas Co.*, No. 5:02-cv-37, 2007 WL 1564562, at *9 (S.D. Tex. May 29, 2007) ("The conduct of which Plaintiff presently complains began prior to the 1995 Agreed Judgment, and continued uninterrupted to the date Plaintiff filed the instant suit. Therefore, the segment of ... continuous conduct occurring after the 1995 Agreed Judgment became final is not a subsequent wrong.") (internal quotation marks and citations omitted).

9

The transactional test is satisfied here. *Alexander I* was based on the District's failure to assume responsibility for the operation of the Project following the 1956 maintenance agreement and the 1990 quitclaim to the Twin Lakes Subdivision. Alexander bases his § 1983 claims in this case on this same failure. Accordingly, the fourth element of res judicata is satisfied.

### 5. Could or Should Have Been Brought

In order to determine whether claims could or should have been brought, a court must decide (1) whether the plaintiff had "actual or imputed awareness" at the time of the action "of a real potential for claims ... of the same type currently being asserted" and (2) whether the first court "possessed procedural mechanisms through which [the plaintiff] could have pursued [the] claims." *In re Coastal Plains, Inc.*, 338 B.R. 703, 714 (N.D. Tex. 2006) (citing *In re Intelogic Trace, Inc.*, 200 F.3d 382, 388 (5th Cir. 2000)). With regard to the first element, "[m]ere ignorance of a potential claim without a showing that the facts giving rise to the claim were undiscoverable or somehow concealed is insufficient to avoid the preclusive effect of res judicata." *Fitch v. Wells Fargo Bank, N.A.*, 423 B.R. 630, 640 (E.D. La. 2010) (citing *In re Howe*, 913 F.2d 1138, 1147 (5th Cir. 1990)).

In its reply, the District argues that Alexander's "current complaint is based on the same property and actions involved before Judge Mills in his first lawsuit. If Alexander felt that he has [sic] a separate cause of action based on the same facts, he should have brought his claim when he untimely brought his first suit ...."[5]

---

[5] The District did not address the fifth requirement in its initial brief but did so in its reply brief. Normally, a court will not consider arguments or evidence raised for the first time in a reply brief. *See White v. City of Red Oak*, No. 3:13-cv-4477, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) (collecting cases). "When new arguments are raised, a court may strike the ... arguments or it may grant the opposing party leave to file a Sur-reply." *Id.* Here, Alexander filed a "reply" to the District's reply. Accordingly, the Court will consider the argument raised in the District's reply brief.

Alexander bases this action on the same general allegation as in *Alexander I* – that the District wrongfully rejected responsibility for the Project, thereby causing unsafe operation of the Project and damage to the Property. Accordingly, notwithstanding Alexander's allegation of continuing conduct, the first factor in determining whether Alexander's claims could or should have been brought is satisfied here. Furthermore, there is no question that the district court possessed procedural mechanisms through which Alexander could have pursued his § 1983 claims. The Court therefore concludes that Alexander's § 1983 claims at issue in the present case could have or should have been brought in *Alexander I*.

### 6. Summary

In 2014, Alexander filed the *Alexander I* action against the District to enforce the terms of a 1956 easement. *Alexander I* was dismissed with prejudice, and such dismissal with prejudice affirmed by the Fifth Circuit. One year later, Alexander filed another action against the District to enforce the terms of the same 1956 easement. Under these circumstances, the Court concludes that each of the elements of res judicata has been met and that, therefore, the District's motion for summary judgment must be granted.

### B. Remaining Arguments

Having concluded that Alexander's claims against the District are barred by res judicata, the Court declines to consider the District's remaining arguments for summary judgment.

### IV
### Conclusion

For these reasons, the District's motion for summary judgment [13] is **GRANTED**.

**SO ORDERED**, this 26th day of August, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**