IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EFFORT ALEXANDER**                                                                 **PLAINTIFF**

**V.**                                                                 **NO. 3:15-CV-179-DMB-JMV**

**DESOTO COUNTY SOIL AND
WATER CONSERVATION DISTRICT;
DESOTO COUNTY, MISSISSIPPI;
CITY OF HORN LAKE, MISSISSIPPI; and
STATE OF MISSISSIPPI**                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This § 1983 action is before the Court on: (1) the motion to dismiss of DeSoto County, Mississippi, Doc. #17; (2) the motion to dismiss of the City of Horn Lake, Mississippi, Doc. #15; (3) Effort Alexander's motion to strike DeSoto County's reply, Doc. #30; and (4) Alexander's motion to strike Horn Lake's reply, Doc. #31. For the reasons below, the motions to strike will be denied and the motions to dismiss granted.

**I
Procedural History**

**A. First Action**

On June 18, 2014, Effort Alexander filed a complaint in the United States District Court for the Northern District of Mississippi against DeSoto County and "City of Horn Laked [sic], Mississippi." *Alexander v. DeSoto Cty.*, No. 3:14-cv-135-MPM-SAA (N.D. Miss. June 18, 2014) ("*Alexander I*"), at Doc. #1. On June 27, 2014, Alexander filed an amended complaint in *Alexander I* as of right against DeSoto County and Horn Lake. *Id.* at Doc. #6.

In his amended complaint, Alexander alleged that in 1994, his brother quitclaimed to him certain property in Horn Lake, which included "common areas with the Twin Lakes

Subdivision," and that pursuant to a 1956 easement owned by the DeSoto County Soil Conservation District Commissioners, the "U.S. Agriculture Department construct[ed] its Storm Water Retention System (SWRS) and Temporary Water Shortage Area (TWSA), hereafter re U.S. Ag Project, on the plaintiff's Horn Lake Property." *Id*. at Doc. #6, at 1–2. Alexander further alleged that in 2007, the Chancery Court in DeSoto County ruled "the covenants for the Twin Lake Subdivision property regarding the plaintiff's property were invalid and ... voided;" and that in 2008, the Chancery Court of DeSoto County "terminated the [1956] easement [and] ordered the [Twin Lakes Subdivision] Association to repair and restore the plaintiff's property to the same condition as when the easement was granted." *Id*. at Doc. #6, at 2.

Although by no means clear, Alexander appeared to base his claims on two primary allegations: (1) that DeSoto County violated his rights by approving the 1956 easement and other covenants regarding the Twin Lakes Subdivision; and (2) that DeSoto County and Horn Lake wrongly asserted that responsibility for maintaining the SWRS and TWSA (collectively, "Project") rested with Alexander, thereby causing injury to Alexander and the Property. *See id.* at Doc. #6, at 4 (seeking permanent injunction against Horn Lake and DeSoto County "from asserting claim to the plaintiff and/or any others [sic] party that the plaintiff is either responsible or liable for any maintenance of grounds and/or operation of [the Project]"). Alexander alleged that, as a result of this conduct, Horn Lake and DeSoto County "caused or "support[ed]" "[u]nsafe operation of the U.S. Ag Project on the Plaintiff's Property" and a decrease in the value of the Property. *Id*. at Doc. #6, at 4–6.

Both Horn Lake and DeSoto County moved to dismiss Alexander's amended complaint on the grounds that Alexander's claims were time barred and that Alexander did not comply with the Mississippi Tort Claims Act's notice requirement in bringing the action. *Id*. at Doc. #29 and

2

Doc. #31. On March 25, 2015, United States District Judge Michael P. Mills granted the motions to dismiss on the statute of limitations ground and dismissed the action with prejudice. *Id*. at Doc. #53.

On April 27, 2015, Alexander appealed Judge Mills' dismissal to the Fifth Circuit Court of Appeals. *Id*. at Doc. #59.

**B. Current Action**

On October 22, 2015, while *Alexander I* was still on appeal, Alexander filed a pro se complaint in the United States District Court for the Northern District of Mississippi against DeSoto County Soil and Water Conservation District; DeSoto County, Mississippi; City of Horn Lake, Mississippi; and the State of Mississippi ("State"). Doc. #1. The complaint sought relief "for violation of the United States Constitution Fourteenth Amendment, § 1" based on various actions taken with regard to an easement allegedly owned by Alexander. *Id*.

Eight days later, on October 30, 2015, Alexander, "pursuant to 42 U.S.C. § 1983," filed an amended complaint as of right against the same defendants. Doc. #6. The amended complaint, which spans more than thirty pages and includes paragraphs with multiple factual allegations, is difficult to decipher. However, a careful reading of the amended complaint reveals that Alexander's claims against Horn Lake and DeSoto County are based on the same two factual allegations as in *Alexander I*—that DeSoto County acted negligently in approving the easement and the subdivision, and that DeSoto County and Horn Lake wrongly placed on Alexander responsibility for the maintenance and operation of the Project.

Also on October 30, 2015, the Fifth Circuit affirmed Judge Mills' dismissal of *Alexander I*. *Alexander I*, at Doc. #60.[1]

---

[1] *Alexander v. DeSoto Cty.*, 620 F. App'x 371 (5th Cir. 2015).

On December 3, 2015, DeSoto County and Horn Lake each filed a motion to dismiss Alexander's claims in the amended complaint. Doc. #15; Doc. #17. On December 17, 2015, Alexander responded in opposition to the motions to dismiss. Doc. #20; Doc. #21. Eleven days later, on December 28, 2015, DeSoto County and Horn Lake replied. Doc. #26; Doc. #27.

On January 4, 2016, Alexander moved to strike the replies. Doc. #30; Doc. #31. The next day, Alexander filed a "reply"[2] to each of the replies. Doc. #32; Doc. #33. On January 7, 2016, DeSoto County and Horn Lake responded in opposition to the motions to strike. Doc. #34; Doc. #35.

## II
## Motions to Strike

In his motions to strike, Alexander asserts that the replies of DeSoto County and Horn Lake were untimely and thus should not be considered. DeSoto County and Horn Lake respond that the replies were timely.

Under the Local Rules of this Court, a "movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief." L.U. Civ. R. 7(b)(4). This rule must be read in conjunction with Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, which provides that "if the last day [of a time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The rule is also subject to Rule 6(d), which provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire ...." The

---

[2] Alexander titled these documents as "Plaintiff's Reply to Defendant DeSoto County's Reply in Further Support of Its Motion to Dismiss" and "Plaintiff's Reply to Defendant City of Horn Lake's Reply in Further Support of Its Motion to Dismiss." Neither DeSoto County nor Horn Lake has objected to Alexander's filing of these replies. The Court will, therefore, consider them in deciding the motions now before the Court.

extra three days are added where, as here, the service of a document is made through the Case Management/Electronic Case Filing system, commonly referred to as "CM/ECF."[3] *Green v. Lew*, No. 2:13-cv-740, 2014 WL 4471637, at *12 (D. Nev. Sep. 10, 2014).

As mentioned above, Alexander's responses to the motions to dismiss were filed on December 17, 2015. Including the three days provided by Rule 6(d), the replies would have been due on December 27, 2015. However, because December 27, 2015, was a Sunday, the deadline for the filing of the replies was not until the following business day—Monday, December 28. Because the replies were filed on December 28, 2015, they were timely. Accordingly, Alexander's motions to strike must be denied.

## III
## Motion to Dismiss Standard

Horn Lake and DeSoto County have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and punctuation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007)). Under this standard, a court must

---

[3] Rule 5(b)(2)(E) provides that service of a document may be accomplished by "sending it by electronic means …." In that regard, Rule 5(b)(3) states that "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." In the Court's *Administrative Procedures for Electronic Case Filing*, electronic filing through the Court's CM/ECF system is mandated as the means to file court pleadings and documents in the Northern District of Mississippi.

5

"accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016).

# IV
# Analysis

DeSoto County and Horn Lake seek dismissal on the grounds that Alexander's claims are barred by res judicata and the applicable statute of limitations.

### A. Res Judicata

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Four elements must be met for a claim to be barred by res judicata: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks omitted).[4] "Even where there is an identity of claims, the doctrine of res judicata does not bar the second action unless the plaintiff could or should have brought [the] claim in the former proceeding." *Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 173 (5th Cir. 1992).

"Generally, a party cannot base a 12(b)(6) motion on res judicata." *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977). However, "if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss ...." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 856 (5th Cir. 1952). Practically, a court may

---

[4] The Fifth Circuit "has emphasized that the effect of a prior federal diversity judgment is controlled by federal rather than state res judicata rules." *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989).

dismiss a complaint based on res judicata if the dismissal is "based on the facts pleaded and judicially noticed ...." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008). As discussed below, each element of res judicata has either been admitted or conclusively established through judicial notice of the court records in *Alexander I*.[5]

### 1. Identical Parties

It is undisputed that in *Alexander I*, Alexander sued DeSoto County and Horn Lake. Accordingly, the identity of parties requirement is met.

### 2. Court of Competent Jurisdiction

There can be no serious dispute that the Northern District of Mississippi and the Fifth Circuit, the courts which issued decisions in *Alexander I*, had jurisdiction over the action. *See New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 146 (D.D.C. 2002) ("[T]his Court takes the view, 'by necessary implication,' that the Court of Appeals considered the sufficiency of its jurisdiction and determined sub silento that it possessed jurisdiction over Plaintiffs' claims.") (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (internal citations omitted). Therefore, the second element is satisfied.

### 3. Final Judgment on the Merits

As explained above, Judge Mills dismissed *Alexander I* with prejudice on statute of limitations grounds. The Fifth Circuit affirmed this decision. Alexander argues that *Alexander I* was "not disposed of on its merits but was dismissed on pleas filed by the Defendants in their answer and motion."

---

[5] "The Court may take judicial notice of the contents of public records on a Rule 12(b)(6) motion." *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n.14 (5th Cir. 1997). Pursuant to this rule, a court may take judicial notice of prior court proceedings when deciding a Rule 12(b)(6) res judicata motion. *Hall v. United States*, No. 6:06-cv-528, 2008 WL 276397, at *3 (E.D. Tex. Jan. 30, 2008) (citing *Clifton v. Warnaco*, 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir. 1995) (unpublished table decision)).

The Fifth Circuit has held that "a dismissal on statute of limitations grounds in federal court ... is a final adjudication on the merits, particularly where ... the federal district court ... dismissed the plaintiff's complaint with prejudice." *Dorsey Trailers*, 880 F.2d at 820. Accordingly, the dismissal in *Alexander I* was a final judgment on the merits.

### 4. Same Cause of Action

In determining whether two cases involve the same cause of action, the Fifth Circuit applies "the transactional test" derived from the Restatement (Second) of Judgments. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). Under the transactional test:

> a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. The critical issue under the transactional test is whether the two actions are based on the same nucleus of operative facts. Thus, we must review the facts contained in each complaint to determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts.

*Id.* (internal citations, alterations, and quotation marks omitted).

Horn Lake and DeSoto County argue that the operative facts in *Alexander I* and this case are "identical." Alexander responds that "[t]he claim raised in this case is violation of plaintiff's constitutional rights that was never claimed in prior suits."

Contrary to Alexander's assertion, the transactional test is not defeated by the raising of new claims. Rather, the Court must consider whether the facts in the two actions are part of the "same transaction or series of transactions, which arise from the same nucleus of operative facts." *Id*. Where, as here, a plaintiff has alleged wrongful continuing conduct, a court must ask whether "all of the claims in question originated from the same continuing course of allegedly

[wrongful] conduct ...." *Dallas Area Rapid Transit*, 383 F.3d at 314; *see* 18 Fed. Prac. & Proc. Juris. § 4409 (2d ed.) ("[I]t may be appropriate to apply claim preclusion to conduct that the parties reasonably should expect to continue without change."); *Vela v. Enron Oil & Gas Co.*, No. 5:02-cv-37, 2007 WL 1564562, at *9 (S.D. Tex. May 29, 2007) ("The conduct of which Plaintiff presently complains began prior to the 1995 Agreed Judgment, and continued uninterrupted to the date Plaintiff filed the instant suit. Therefore, the segment of ... continuous conduct occurring after the 1995 Agreed Judgment became final is not a subsequent wrong.") (internal quotation marks and citations omitted).

The transactional test is satisfied here. *Alexander I* involved a challenge to DeSoto County's conduct in approving the easements and covenants in the Twin Lakes Subdivision, as well as DeSoto County and Horn Lake's alleged actions (or "harassment") in asserting that Alexander is responsible for the Project. Alexander bases his § 1983 claims in this case on these same factual allegations. Accordingly, the fourth element of res judicata is satisfied.

### 5. Could or Should Have Been Brought

In order to determine whether claims could or should have been brought, a court must decide (1) whether the plaintiff had "actual or imputed awareness" at the time of the action "of a real potential for claims ... of the same type currently being asserted" and (2) whether the first court "possessed procedural mechanisms through which [the plaintiff] could have pursued [the] claims." *In re Coastal Plains, Inc.*, 338 B.R. 703, 714 (N.D. Tex. 2006) (citing *In re Intelogic Trace, Inc.*, 200 F.3d 382, 388 (5th Cir. 2000)). With regard to the first element, "[m]ere ignorance of a potential claim without a showing that the facts giving rise to the claim were undiscoverable or somehow concealed is insufficient to avoid the preclusive effect of res

9

judicata." *Fitch v. Wells Fargo Bank, N.A.*, 423 B.R. 630, 640 (E.D. La. 2010) (citing *In re Howe*, 913 F.2d 1138, 1147 (5th Cir. 1990)).

To the extent this action is based on the 1956 wrongful approval of the easement and the "harassment" of asserting Alexander is responsible for the Project – both facts specifically alleged in *Alexander I* – it is clear Alexander had actual or imputed awareness of the facts giving rise to the claims here at the time of *Alexander I*. Accordingly, notwithstanding Alexander's allegation of continuing conduct, the first factor in determining whether Alexander's claims could or should have been brought is satisfied here.

Next, there is no question that the district court possessed procedural mechanisms through which Alexander could have pursued his § 1983 claims. The Court therefore concludes that Alexander's § 1983 claims in the present case could have or should have been brought in *Alexander I*.

### 6. Summary

Considering the pleadings and judicially noticed facts, the Court concludes that each of the elements of res judicata has been met and that, therefore, Alexander's claims against DeSoto County and Horn Lake must be dismissed.

### B. Statute of Limitations

Having concluded that Alexander's claims against DeSoto County and Horn Lake are barred by res judicata, the Court declines to consider whether the claims were timely asserted under the applicable statute of limitations.

# V
## Conclusion

For these reasons: (1) Alexander's motions to strike [30][31] are **DENIED**; (2) Horn Lake's motion to dismiss [15] is **GRANTED**; and (3) DeSoto County's motion to dismiss [17] is **GRANTED**.

**SO ORDERED**, this 26th day of August, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**